IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| G4 INNOVATIONS LLC, et al., | |
| Plaintiffs, | |
| v. | Case No. 2:23-cv-02271-HLT-ADM |
| PACCAR, INC., | |
| Defendant. | |

**MEMORANDUM AND ORDER**

  This is a class action brought by purchasers of trucks equipped with an engine manufactured by Defendant Paccar, Inc. Plaintiffs are eight entities who purchased trucks requiring repairs due to what they say are faulty fuel injectors in the engines. Some Plaintiffs bought and repaired the trucks in Kansas, but most did not. Defendant filed a motion to dismiss, which argues in part that the Court lacks personal jurisdiction over Defendant as to the claims by non-Kansas parties. Plaintiffs then filed a motion to transfer under 28 U.S.C. § 1631 and 28 U.S.C. § 1404. Doc. 25. Plaintiffs seek to transfer some claims under each statute to the United States District Court for the Western District of Washington, where Defendant's business is based.

  The Court denies the motion to transfer. The piecemeal transfer proposed by Plaintiffs is not permitted under the statutes or caselaw and Plaintiffs' request for severance is neither supported nor in the interest of judicial efficiency. However, the Court will defer ruling on the motion to dismiss for at least 14 days to permit Plaintiffs to decide whether they will dismiss this case and refile it in Washington or proceed with the litigation in this district.[1]

---

[1] This case is being litigated with a degree of gamesmanship by both sides. Plaintiffs expanded the claims and number of parties when amending the complaint. This prompted the motion to dismiss, which in part argued a lack of personal jurisdiction. Plaintiffs now concede personal jurisdiction is lacking over the newly added claims and seek to rectify the problem through transfer. But the transfer approach Plaintiffs suggest is not tenable as explained

**I.       BACKGROUND**

Plaintiffs are eight companies: G4 Innovations LLC ("G4"); Little Diesel Transportation ("Little Diesel"); Zeke and Lizzie, LLC ("Zeke"); Vision AG, LLC ("Vision AG"); G&R Motor Freight LTD ("G&R"); Thilges Bros. LLC ("Thilges"); L Z S Ceremonial Trails Inc. ("L Z S"); and R&J Dirtworks, Inc. ("Dirtworks"). Plaintiffs are current and former owners or lessees of tractor-trailer and vocational trucks that Defendant manufactured and equipped with MX-13 engines beginning in model year 2021. Doc. 15 at 2. Plaintiffs allege the fuel injector system in the MX-13 engine is defective because it clogs without warning, and that Defendant knew or should have known of this defect. *See id.* at 3.

G4 initially filed this case as a nationwide class action for breach of express warranty. Doc. 1. Defendant moved to dismiss G4's original complaint for lack of standing, failure to state a claim, and because the proposed class could not meet the commonality, predominance, manageability, or superiority requirements of Rule 23. Doc. 12. Plaintiffs responded by filing an amended complaint. Doc. 15.

The amended complaint added the other parties listed above. Per the amended complaint, G4 and Vision Ag bought and repaired trucks in Kansas. Little Diesel bought a truck in Missouri

---

in this order. And although Defendant agrees this case could be appropriately litigated in Washington, it contends dismissal and refiling is the only way to accomplish this outcome. Despite this stalemate, the Court notes that the seemingly inevitable dismissal of the claims over which the Court lacks personal jurisdiction would appear to streamline a renewed transfer request under § 1404 for whatever claims remain, meaning this case may end up—albeit in pieces, with potentially fewer claims, and with choice-of-law headaches—in Washington or result in litigation in two forums with different timelines and potentially different outcomes. This seems like an unnecessarily expensive strategy that presents risks for everyone and results in an outcome no one wants. Nevertheless, the Court must take up this issue as it is presented despite inefficiencies.

and had repairs done in Kansas and Missouri. Zeke bought in Nebraska and had repairs done in Kansas. *Id.* at 17-22. The remaining four plaintiffs bought and repaired outside of Kansas.[2]

The amended complaint includes six counts, including nationwide class claims and various state subclass claims. *Id.* at 32-43. Plaintiffs have since abandoned two of the claims. Doc. 24 at 18 n.8. Of the remaining claims, Count 1 is for violation of the Washington Consumer Protection Act on behalf of a nationwide class. Doc. 15 at 32. Count 2 is for breach of express warranty on behalf of a nationwide class, or alternatively on behalf of each state subclass. *Id.* at 34. Count 5 is for breach of the implied warranty of merchantability on behalf of each state subclass. *Id.* at 41. And Count 6 is for fraudulent omission on behalf of each state subclass. *Id.* at 42.

Defendant has moved to dismiss the amended complaint. Doc. 19. Defendant argues that all counts fail to state a claim and that this Court lacks personal jurisdiction over it as to certain claims. *See id.* Plaintiffs concede that personal jurisdiction does not exist as to the claims by G&R, Thilges, L Z S, and Dirtworks because those claims do not arise from Defendant's connection to Kansas. Doc. 24 at 6. Plaintiffs also concede that personal jurisdiction over Defendant is "arguably" lacking as to the claims by Zeke and Little Diesel because those trucks were purchased outside of Kansas, even though some repairs were done in Kansas. *Id.* at 6-7. Plaintiffs also presume that the Court will follow its prior ruling that a nationwide class action is not permissible where general jurisdiction over a defendant is lacking, which would prevent G4 or Vision Ag from maintaining a nationwide class action in this district. *Id.* at 8.

In lieu of dismissal, Plaintiffs request that the Court transfer the case to the Western District of Washington under 28 U.S.C. §§ 1404 and 1631 and have filed a separate motion to transfer. *Id.*

---

[2]   G&R bought and repaired in Wisconsin. Thilges bought in South Dakota and repaired in South Dakota and Minnesota. L Z S bought and repaired in Florida. And Dirtworks bought and repaired in Washington. Doc. 15 at 22-26.

3

at 9; Doc. 25. The motion to transfer states that "Plaintiffs seek to litigate this dispute in a single forum," and "[b]ecause personal jurisdiction does not exist over certain of the Plaintiffs' claims, . . . this Court cannot serve as that single forum." Doc. 26 at 2. Plaintiffs request that this Court "transfer pursuant to 28 U.S.C. § 1631 . . . the claims over which this Court does not possess[] personal jurisdiction" and "transfer pursuant to 28 U.S.C. § 1404(a) . . . the remaining claims so this dispute can be adjudicated in a single forum . . . ." *Id.*

Defendant does not dispute that this case could be adjudicated in Washington. But it argues Plaintiffs have not met the standard for transfer, that the transfer method Plaintiffs have proposed would be unworkable, and that Plaintiffs should instead dismiss this case and refile it in Washington. Defendant also argues that the Court should decide its motion to dismiss before deciding the motion to transfer. *See* Doc. 31.

## II.  ANALYSIS

Whether to transfer a case is a matter within a district court's discretion. *Grynberg v. Ivanhoe Energy, Inc.*, 490 F. App'x 86, 105 (10th Cir. 2012). Plaintiffs concede that this Court lacks personal jurisdiction over some of their claims against Defendant and move to transfer those claims under 28 U.S.C. § 1631. Plaintiffs also move to transfer the remaining claims, i.e. claims where personal jurisdiction exists, under 28 U.S.C. § 1404(a). The Court considers these two statutes.

Section 1631 states that when a "civil action" is filed in a federal district court, "and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed." Section 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any

4

other district or division where it might have been brought or to any district or division to which all parties have consented."

Deciding whether transfer is appropriate under these statutes turns on a different but similar set of criteria. Under § 1631, transfer is appropriate where it is in the "interest of justice," which looks to "whether the claims would be barred by a statute of limitations if filed anew in the proper forum," "whether the claims alleged are likely to have merit," and "whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." *Young v. State Gov't of Okla.*, 98 F. App'x 760, 763-64 (10th Cir. 2004). Judicial economy is also a consideration. *Grynberg*, 490 F. App'x at 109. Under § 1404(a), the interest of justice is a consideration, as is the convenience of the parties and witnesses. A number of other factors may also be considered under § 1404(a). *Emps. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010).

The parties dispute whether these various factors weigh in favor of or against transfer. But those factors are ultimately not dispositive of Plaintiffs' motion. Plaintiffs wish to have this case transferred to Washington. But the mechanism they propose is a piecemeal transfer of some claims under § 1631 and others under § 1404(a). The problem with Plaintiffs' proposal is that both statutes discuss transfer of a "civil action." Courts have held that these statues only allow for transfer of an <u>entire case</u>, not individual claims. *See Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1518 (10th Cir. 1991) ("Section 1404(a) only authorizes the transfer of an entire action, not individual claims."); *Shrader v. Biddinger*, 633 F.3d 1235, 1249-50 (10th Cir. 2011) ("We are aware of no authority even permitting, much less requiring, a district court to unilaterally split up an action and transfer the resultant components to diverse jurisdictions under the auspices of § 1631."). Plaintiffs have not cited any authority that would permit the Court to do what Plaintiffs

5

are requesting here, namely piecemeal transfer of claims under separate transfer statutes, even if it ultimately results in transfer of all claims. Nor have they identified any statute that would allow for transfer of the entire case, given the current posture of the claims.

In their reply, Plaintiffs seem to acknowledge that transferring "less than the entire action under § 1404(a) and/or § 1631" could be done only if "the claims are severed under Federal Rule of Civil Procedure 21." Doc. 32 at 3-4. If a claim is severed under Rule 21, it can be transferred separately from the entire action. *See Chrysler Credit Corp.*, 928 F.2d at 1519 ("When transferring a portion of a pending action to another jurisdiction, district courts first must sever the action under Rule 21 before effectuating the transfer."); *see also F.D.I.C. v. McGlamery*, 74 F.3d 218, 222 (10th Cir. 1996) (explaining that § 1404 does not allow for transfer of a portion of an action in the absence of a Rule 21 severance and "logically the same rule would apply to transfer . . . under § 1631").[3] The Court therefore considers whether severance is appropriate here.

Severance under Rule 21 is appropriate when claims do not arise out of the same transaction or occurrence or have common questions of law or fact. *Wallace B. Roderick Revocable Living Tr. v. XTO Energy, Inc.*, 2011 WL 2174946, at *5 (D. Kan. 2011). "Courts may order a Rule 21 severance when it will serve the ends of justice and further the prompt and efficient disposition of litigation." *Tab Exp. Int'l, Inc. v. Aviation Simulation Tech., Inc.*, 215 F.R.D. 621, 623 (D. Kan. 2003). Factors considered are "the convenience of the parties, avoiding prejudice, promoting expedition and economy, and the separability of law and logic." *Id.* (internal quotation and citation omitted). Whether to sever claims is within a district court's discretion. *Roco, Inc. v.*

---

[3] The Court in *McGlamery* found the partial transfer under § 1631 permissible in that case because the "transfer order clearly indicates that the district court intended to create two separate actions." *McGlamery*, 74 F.3d at 222.

*EOG Res., Inc.*, 2014 WL 5430251, at *6 (D. Kan. 2014). "[S]everance and transfer are only appropriate on rare occasions." *Id.*

Severance is not appropriate here.[4] First, Plaintiffs only request severance in passing, offering little to no analysis other than to state that "[s]everance is appropriate here because it is in the interest of justice and the claims arise from separate events or transactions." Doc. 26 at 10-11 n.3. This conclusory statement does not justify the relatively drastic decision to split this case in two.

Second, Plaintiffs' request to sever is not substantively persuasive. Although each individual plaintiff separately purchased trucks with the MX-13 engine in different sales transactions, the underlying claims still have common questions of law or fact, namely whether Defendant misled Plaintiffs or whether the MX-13 engine had a defective fuel injector. Requiring the parties to litigate these common questions in multiple cases would not serve judicial economy.

Third, severance would not serve the ends Plaintiffs seek and would complicate rather than simplify this litigation. One of the reasons Plaintiffs seek transfer is to avoid "duplicative litigation." *Id.* at 2. But it is unclear how severing this case into two cases[5] and then transferring one or both to a court where, by Plaintiffs own admission, a similar third case is already pending, *see* Doc. 32 at 1,[6] would achieve that end. Additionally, Plaintiffs wish to sever based on the

---

[4] It appears Plaintiffs seek severance of the claims so that some can be transferred under § 1631 and others can be transferred under § 1404(a). This is essentially an end-run around those statutes' requirements that entire "civil actions" be transferred instead of individual claims. The Court acknowledges that severance and transfer of certain claims under § 1631 is sometimes appropriate where a court lacks personal jurisdiction to adjudicate those claims. *See Wingate v. Barkman Honey, LLC*, 2020 WL 362647, at *4 n.4 (D. Kan. 2020). To the extent Plaintiffs alternatively seek severance and transfer of <u>only</u> the claims where personal jurisdiction is lacking, they have not substantively met the standard for severance as discussed above. Nor would this serve the ends Plaintiffs seek.

[5] Severance of claims would create two entirely separate actions where before there was only one. *Chrysler Credit Corp.*, 928 F.2d at 1519 ("But where certain claims in an action are properly severed under Fed. R. Civ. P. 21, two separate actions result[.]").

[6] Plaintiffs' counsel are co-counsel in the third action filed in Washington. Doc. 32 at 1 n.2. But it is not clear whether Plaintiffs are parties to that case.

prosecuting party, not by the claims themselves. This would mean Defendant would be defending the same claims by different parties in different cases. The claims of at least some Plaintiffs may also end up in both cases, leaving them also litigating on two fronts. This would not avoid duplicative litigation. It would create it.

Further, as Defendant notes, severing the claims and transferring them pursuant to different statutes could potentially create a choice-of-law headache for the Western District of Washington. That is because claims transferred under § 1404(a) would apply the choice-of-law rules of Kansas, while claims transferred under § 1631 would apply the choice-of-law rules of Washington. *See Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 793 (10th Cir. 1998) (noting that, where a case is transferred under § 1404(a), "the transferee court must follow the choice of law rules of the transferor court" but "[t]he rule is different, however, in cases where the transferor court determines that it lacks personal jurisdiction," in which case "the transferee jurisdiction's substantive and choice of law rules apply").[7] Thus, even if the claims were all formally consolidated in the Western District of Washington, different choice-of-law rules would apply to otherwise identical claims depending on who the plaintiff was.

Under these circumstances, severance is not appropriate. Plaintiffs' motion to transfer is therefore denied because the Court cannot rely on multiple statutes to effectuate a piecemeal transfer of this case.

---

[7] This confusion has already arisen, particularly with regard to Plaintiffs' claim under the Washington Consumer Protection Act. Defendant disputes whether a party can maintain an action under that statute if the truck in question was not purchased or repaired in Washington. In response to the motion to dismiss, Plaintiffs argue that Kansas's choice-of-law rules apply to make this determination at least as to some claims regardless of where the case ends up. Doc. 24 at 10-11. But any other claims transferred under § 1631 would apply Washington's choice-of-law rules and "Washington's choice-of-law rules are different than the laws of Kansas and may produce a different result." *Id.* at 11 n.5.

**III.    CONCLUSION**

Neither party seems to dispute that this case could be—and perhaps should be—in the Western District of Washington, where Defendant is at home. But the parties dispute how that should be achieved. Plaintiffs seek to transfer the entire case through a piecemeal transfer of the claims. Although the Court is sympathetic to Plaintiffs' desire to take this case to a more proper forum where the matter can be uniformly litigated, the statutes they rely on don't permit piecemeal transfer and the standard for severance has not been met. Plaintiffs also argue that the transfer issue should be decided before any ruling on Defendant's motion to dismiss. The Court agrees at this point in the litigation that any dispositive issues should be decided by the court in which this case ultimately lands.

Defendant thinks Plaintiffs should dismiss this case in its entirety and refile it in Washington. Plaintiffs do contend that "some or all of the claims will be refiled in [Washington]" if the motion to transfer is denied. Doc. 26 at 12 ("One way or another, the issues now before this Court will be before the Western District of Washington."). But whether and to what extent they do so is left up to them.

Accordingly, the Court denies Plaintiffs' motion to transfer for the reasons stated above. But the Court will defer ruling on the pending motion to dismiss for at least 14 days. In that time, should Plaintiffs decide they would prefer to uniformly litigate this entire matter in the Western District of Washington, they may file an appropriate Rule 41 dismissal of this action so that the case can be refiled in that court.[8] To the extent this case remains pending in the District of Kansas

---

[8] The Court notes that Plaintiffs' primary argument in favor of transfer (as opposed to dismissal and refiling) is that some claims based on the express warranty may be time barred upon refiling. This is because the warranty states that claims must be brought within 12 months of accrual. Doc. 26 at 7. Plaintiffs do not know "when the warranty claims for each of the trucks that plaintiffs purchased or leased accrued," but some Plaintiffs began experiencing fuel injector issues in 2022. *Id.* If Plaintiffs must refile their claims, they worry that Defendant "almost certainly will argue their claims are barred by the twelve-month limitation set forth in the Basic Engine Warranty." *Id.* This argument does not persuade the Court that any claims should be transferred, even if the procedure advocated by

after 14 days, the Court will take up the motion to dismiss and proceed with this litigation with whatever claims survive that motion. However, the Court reiterates its caution in Footnote 1, and encourages the parties to consider all options with a mind to Federal Rule of Civil Procedure 1.

THE COURT THEREFORE ORDERS that Plaintiffs' Motion to Transfer Pursuant to 28 U.S.C. § 1631 and 28 U.S.C. § 1404 (Doc. 25) is DENIED. The Court will defer ruling on Defendant's motion to dismiss for 14 days as explained above.

IT IS SO ORDERED.

Dated: February 8, 2024                               /s/ *Holly L. Teeter*
                                                  HOLLY L. TEETER
                                                  UNITED STATES DISTRICT JUDGE

---

Plaintiffs was possible. First, this case was not filed until June 2023. To the extent some individuals began experiencing issues in 2022, it is unclear how many additional claims might be lost if the case is refiled instead of transferred. Second, the fact that the warranty contains this language does not necessarily speak to any statute of limitations that may apply to any particular claim. And not all claims are based on the express warranty. Third, the fact that Defendant may challenge the timeliness of any subsequently filed claims does not, in and of itself, warrant transfer in the "interest of justice." This is particularly true given Plaintiffs' approach to this litigation. *See Grynberg*, 490 F. App'x at 107 ("Rather than sit on their hands for more than eighteen months, the plaintiffs could have safeguarded their interests by filing a protective suit in the Eastern District of California . . . ."). Additionally, to the extent the parties have engaged in some discovery, there is no reason why that work would have to be wasted if the case was refiled in Washington. As reiterated throughout this order, the parties should be able to find common ground to move this litigation forward.